UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APENISA VATUNIQERE,<br>　　　　Plaintiff,<br>　　v.<br>CARLOS MORALES, et al.,<br>　　　　Defendants. | Case No. 17-cv-03299 NC (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner or detainee proceeding *pro se*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.[1] Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the Court dismisses the complaint for failing to state a claim.

**BACKGROUND**

I.  Standard of Review

A federal court must engage in a preliminary screening of any case in which a

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 4.

Case No. 17-cv-03299 NC (PR)
ORDER OF DISMISSAL

1

1  prisoner seeks redress from a governmental entity or officer or employee of a
2  governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any
cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a
claim upon which relief may be granted, or seek monetary relief from a defendant who is
immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally
construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II.   Plaintiff's Claims

Plaintiff is currently being housed at the San Mateo County Jail. According to the complaint, on May 13, 2017, Plaintiff was given the wrong medication during "pill call." Specifically, Plaintiff was given a pill for treatment of Type 2 diabetes although Plaintiff is not a diabetic. Plaintiff informed the nurse about the mistake. Plaintiff requests monetary compensation for pain and suffering, and emotional and psychological stress due to Defendants' negligence.

Liberally construed, it appears that Plaintiff is attempting to state a claim that Defendants were deliberately indifferent to his serious medical needs. Plaintiff does not allege whether he was a pretrial detainee or had been convicted when the events and omissions giving rise to the claims asserted in this action occurred. His status affects the analysis of his claim because a convicted prisoner's medical care claim arises under the Eighth Amendment to the U.S. Constitution, whereas a pretrial detainee's medical care claim arises under the Fourteenth Amendment to the U.S. Constitution. Until recently, the standards were considered roughly the same under the Eighth and Fourteenth

Case No. 17-cv-03299 NC (PR)
ORDER OF DISMISSAL

2

Amendments. *See generally Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). Currently, the two standards have diverged with respect to the mental state requirement for a defendant. Due to the differences in the Eighth and Fourteenth Amendment claims, an inmate-plaintiff's status at the time of the relevant events must be known because some conduct that violates the Fourteenth Amendment won't violate the Eighth Amendment. If a plaintiff has transitioned from being a pretrial detainee to a convict (or vice-versa), both standards may need to be applied – with one standard being applied to the events that occurred when the person was a pretrial detainee and a different standard being applied to the events that occurred after he was convicted.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the medical care context, the prisoner first must identify an objectively serious medical need. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (serious medical need exists if "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."). Second, the prisoner must allege that the defendant acted with the requisite mental state of deliberate indifference to a risk to the prisoner's health. Under the Eighth Amendment standard applicable to prisoner claims, a defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

Case No. 17-cv-03299 NC (PR)
ORDER OF DISMISSAL

3

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). An inmate claiming that jail officials have responded inadequately to his medical needs while he was a pretrial detainee must establish two elements to state a claim under Section 1983. First, he must identify an objectively serious medical need. *See Wilhelm*, 680 F.3d at 1122. Second, he must allege that a defendant acted with the requisite mental state of deliberate indifference to the risk to the inmate's health. It appears that a pretrial detainee must allege facts to show that a defendant "did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree or risk involved – making the consequences of the defendant's conduct obvious." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 831 (2017).

Here, Plaintiff does not set forth a short and plain statement alleging that his medical condition was objectively serious at the time that he alleges he was provided the wrong medication. To meet the objective element of a deliberate indifference claim, "a plaintiff must demonstrate the existence of a serious medical need." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). "A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). Without sufficient facts to support an allegation that Plaintiff suffered from a serious medical need, his claim must be dismissed.

In addition, even assuming Plaintive had a serious medical need, a claim of medical malpractice or mere negligence is insufficient to make out a violation of the Eighth

Case No. 17-cv-03299 NC (PR)
ORDER OF DISMISSAL

4

Amendment or the Fourteenth Amendment. *See Toguchi*, 391 F.3d at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Castro*, 833 F.3d at 1071. While isolated occurrences of neglect might be grounds for medical malpractice, they do not rise to the level of unnecessary or wanton infliction of pain, *see O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990), or reckless disregard, *see Castro*, 833 F.3d at 1071. *Cf. Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that the Due Process Clause is not implicated "where a government official is merely negligent in causing the injury"). Here, Plaintiff's claim amounts to nothing more than a one-time mistaken incident when he was given the wrong pills. While Plaintiff may be able to file a lawsuit for negligence in state court, Plaintiff's claim is insufficient to sustain a federal civil rights complaint.

For the above stated reasons, Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim. Because it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the dismissal is without leave to amend.

## CONCLUSION

The complaint is DISMISSED with prejudice. The Clerk shall close the file, terminate all pending motions, and enter judgment.

**IT IS SO ORDERED.**

DATED: August 11, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-03299 NC (PR)
ORDER OF DISMISSAL

5